### Ignatius Winter *vs.* Joseph L. Stevens.

If A. and B. agree to purchase land and build a house thereon together, and A. pays for the land and takes a deed thereof in his own name, and B. builds the house, finishing a portion of it to suit A. and a portion to suit himself, and moves into it with his family, and boards A. there, and each occupies a separate portion of the house, there being no agreement that B. shall pay any rent or occupy as a tenant, but his occupation being under a claim of ownership, and without objection in terms from A., these facts will not show a disseisin of A., but his deed of the premises will convey a valid title thereto.

Tort for assault and battery and forcibly ejecting the plaintiff from his dwelling-house. The answer denied the commission of the assault and battery, and averred that the ejectment, if shown, was lawful, because the plaintiff was in the wrongful occupation of a portion of a dwelling-house of the defendant, and that the defendant expelled the plaintiff therefrom, as he lawfully might do.

At the trial in the superior court, before *Ames,* J., it appeared that in the year 1850 or thereabouts the plaintiff and his brother-in-law, F. H. Lane, agreed to purchase a parcel of land in Gloucester and build a house thereon together; that Lane paid for the land, and took the deed thereof in his own name; that the house was then built thereon, the plaintiff doing the carpenter work and paying all or the greater part of the bills; that the house was finished in the year 1850, and the plaintiff and his family moved into it; that Lane boarded with the plaintiff, having certain rooms which he regularly occupied, the plaintiff and his family occupying the rest of the house from that time till the date of the grievance complained of; that the plaintiff at his own expense and without consulting Lane and without objection from him, but with his knowledge, made repairs and improvements upon that part of the house in which he lived, for the comfort or convenience of his (plaintiff's) family; and that in the year 1852 Lane executed and delivered to the plaintiff a written paper, promising on certain terms and conditions to convey to him one half of the premises. There was no agreement or understanding that the plaintiff was to pay any rent, or to occupy as a tenant, and he never did pay any rent. The

plaintiff testified that he knew that the title to the land was in the name of Lane, but that he considered himself the owner of that part of the house which he occupied; that he built it as owner. finishing a portion of it to suit Lane and a portion to suit himself, without any agreement except that they were to build together; and that he acted throughout under the belief and with a claim of ownership, which belief and claim were not in terms opposed or objected to by said Lane, and that Lane considered him not as a tenant, but occupying under claim of ownership. It appeared that Lane in 1862, by deed duly executed and delivered, conveyed the premises to the defendant; that the defendant, about July 15th 1862, gave written notice to the plaintiff to remove from the house; that he afterwards, about the last of that month, called on the plaintiff, informed him of the deed and offered to exhibit it, and requested him ·to remove with his family and property, which the plaintiff refused to do; that the defendant then said he might have the whole month of August in which to find another place of residence, and the plaintiff replied that the house was his own, and he would not quit it; that the defendant, on the 3d of September 1862 called on the plaintiff at the house, and was admitted by some member of the family, in company with five men whom he employed; that the defendant requested the plaintiff again to remove, and demanded possession, and on the plaintiff's refusal to go, the defendant and his assistants proceeded to remove the plaintiff's furniture, and after that forcibly to eject him; and that before the actual removal begun, the plaintiff exhibited the aforesaid writing from said Lane, and it was read or explained to the defendant, who said that " he had nothing to do with it; it was a matter between the plaintiff and Lane; and besides it was of no force or effect because the plaintiff had not fulfilled its conditions, and Lane had been obliged to pay and had paid the mortgage mentioned therein." There was conflicting evidence as to the manner in which the ejectment was accomplished, and as to the degree and amount of force made use of in removing him from the house.

The plaintiff requested the court to rule tha if the jury

believed the evidence, and found the facts testified to as above stated as to the plaintiff's occupation and claim of title to be true, they had the right to find also that the deed from Lane to the defendant would not be effectual to pass the title to the defendant, so as to give him a right upon notice to the plaintiff to enter and turn him out of the premises by force, notwithstanding Lane took the deed and paid the consideration money therefor, and also gave the writing, promising on certain terms to convey one half of the premises to the plaintiff; it appearing that the defendant at the time of the alleged trespass and up to this time denied that the writing had any force or effect, on the ground that the plaintiff had not fulfilled its conditions. The judge having refused so to rule, the plaintiff then requested him to adopt all of said proposed ruling except the last clause; but the judge declined to adopt the ruling as modified.

The judge then instructed the jury that, as it appeared that the plaintiff had no written conveyance of the property and held no writing containing any stipulation that he might occupy until he made the payment provided for, if he occupied knowing the legal title to be in Lane, and with any understanding or agreement that at some time or upon some conditions he was to have a deed of the whole or part of the premises, then his occupation was not adverse to Lane's title, and would be a mere tenancy at will under Lane, even though there were no agreement or understanding that he was to pay rent; that in that case the deed from Lane to the defendant determined the tenancy at will, and the plaintiff became a tenant at sufferance only, and that the defendant, after reasonable notice, had a right to enter upon the premises, and could lawfully eject the plaintiff therefrom by force, without being liable to the plaintiff in an action for damages, provided the plaintiff refused to remove on being reasonably notified so to do, and provided the defendant in removing him used only that degree of force that was absolutely necessary for the purpose of removing the plaintiff from the house.

The jury found for the defendant, and the plaintiff alleged exceptions.

*J. C. Perkins,* for the plaintiff. There was sufficient evidence here to submit to the jury, to establish a possession adverse to Lane, and show that he was disseised at the time of his deed to the defendant. *Barry* v. *Adams,* 3 Allen, 493. *Hall* v. *Stevens,* 9 Met. 418. *Comins* v. *Comins,* 21 Conn. 413. The plaintiff did not hold under the written agreement from Lane. He never promised to purchase of Lane, or to hold under him ; but he continued to hold as before. He therefore is not concluded by the agreement. *Zeller* v. *Eckert,* 4 How. 289. *Willison* v. *Watkins,* 3 Pet. 43. *Small* v. *Procter,* 15 Mass. 495. The instructions to the jury were wrong. The plaintiff's knowledge that the legal paper title was in Lane, and his understanding that at some time he should have a deed, did not prevent him from being a disseisor. *Motte* v. *Alger,* 15 Gray,    . *Brown* v. *King,* 5 Met. 173, 179. *Barker* v. *Salmon,* 2 Met. 32. *Bryan* v. *Atwater,* 5 Day, 181. There may be a disseisin of a part of a house.

*S. H. Phillips,* (*B. H. Smith* with him,) for the defendant.

BIGELOW, C. J. The instructions were correct. There was no disseisin of Lane, the original owner of the fee, by the plaintiff. The former continued in actual possession of the premises down to the time when he conveyed them to the defendant. To constitute an actual disseisin there must be an ouster and dispossession of the true owner. There can be no disseisin sufficient to prevent the true owner from making a valid conveyance, without such actual ouster and dispossession. Therefore when two persons are in possession of land at the same time, under different claims of right, he has the seisin in whom the legal title is vested. Both cannot be seised of the same estate, claiming by separate and adverse titles. Consequently the seisin in such case follows the title. *Slater* v. *Rawson,* 6 Met. 439, 444. *Smith* v. *Burtis,* 6 Johns. 218. 2 Prest. Abst. 286, 290. *Anonymous,* 1 Salk. 246. 4 Kent Com. (6th ed.) 482. The deed of Lane to the defendant could in no sense be regarded as a conveyance by a disseisee. It was a valid grant of land by the owner in actual possession of the premises.

It was not claimed at the trial that the plaintiff, at the time

of the conveyance of the estate by Lane, was in occupation thereof under any written agreement or lease. By force and effect of the statute, Gen. Sts. *c*. 89, § 2, he was tenant at will only. On familiar and well settled principles, this estate was determined by the deed from Lane to the defendant, and the plaintiff thereby became a tenant at sufferance. *Curtis* v. *Galvin*, 1 Allen, 215, and cases cited. As such, he was liable to be ejected by force, if it was used reasonably, without committing a breach of the peace, and was not disproportionate to the exigency. *Fifty Associates* v. *Howland*, 5 Cush. 214, 218. *Maeder* v. *Stone*, 7 Met. 147. *Exceptions overruled.*